UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MEDICARE,<br><br>　　　　Defendant. | No.  2:25–cv–02100–TLN-SCR<br><br>ORDER |

   Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the court is Plaintiff's motion for leave to proceed in forma pauperis.  *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  ECF No. 2.

   The motion makes an insufficient showing to proceed in forma pauperis ("IFP").  The Ninth Circuit has recognized "one need not be absolutely destitute to obtain benefits" of the IFP statute.  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  However, "a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty."  *Id.* (internal citation and quotation omitted).  The current application contains several omissions.  Plaintiff states that he has income in the form of disability or worker's compensation payments of

1   $1,200 (presumably per month, although that portion is left blank, so it may be more frequently).
2   ECF No. 2 at 1. While that amount of income would likely qualify him for IFP status, he does
3   not indicate that he has any monthly expenses, and specifically lists his debts/financial obligations
4   as "none". *Id*. at 2. For his assets, he appears to have written "car + VV". ECF No. 2 at 2.
5   Given these omissions, the Court will direct that Plaintiff file a supplement to the motion for IFP
6   or pay the filing fee.

7   If Plaintiff is ultimately allowed to proceed in forma pauperis, the Court will screen the
8   complaint under 28 U.S.C. § 1915(e), which provides that a court "shall dismiss the case at any
9   time if the court determines" that the action is frivolous or malicious, fails to state a claim on
10  which relief may be granted, or seeks monetary relief against a defendant immune from such
11  relief. Although the Court has not yet formally screened the complaint, the Court observes that
12  Plaintiff has not named a proper defendant, as the only named defendant is "medicare."
13  Additionally, each cause of action appears to be just one sentence and pled in a conclusory
14  manner. A formulaic recitation of the elements of a cause of action does not suffice to state a
15  claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S.
16  662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege
17  enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.
18  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
19  draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556
20  U.S. at 678. Plaintiff may, if he chooses, file an amended complaint. *See* Fed. R. Civ. P. 15(a)
21  ("A party may amend its pleading once as a matter of course …").

22   Accordingly, **IT IS HEREBY ORDERED** that:
23   1. Plaintiff shall supplement the application to proceed IFP to address the deficiencies set
24      forth herein within 14 days of the date of this Order.
25   2. Alternatively, Plaintiff may pay the filing fee.
26   3. If Plaintiff does not supplement the application or pay the filing fee within 14 days,
27      the Court may recommend that this action be dismissed.
28   ////

2

4. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: August 8, 2025.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3