UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD MICHAEL CREEL, | No.  2:25–cv–02100–TLN-SCR |
| Plaintiff, | ORDER |
| v. | |
| MEDICARE, | |
| Defendant. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the court is Plaintiff's second motion for leave to proceed in forma pauperis (IFP).  *See* 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).  ECF No. 5.  The Court previously issued an order on Plaintiff's first motion to proceed IFP (ECF No. 2) advising Plaintiff that the motion made an insufficient showing to proceed IFP.  The Court directed Plaintiff to supplement the motion within 14 days.  Eighteen days later, Plaintiff submitted the second motion, which contains the required additional information, but rather than being signed, it contains only a typed signature.  ECF No. 5 at 2.  The original motion was signed.  ECF No. 2 at 1.  The Court will construe the two motions together and grant the request to proceed IFP.

1

However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

## I. SCREENING

### A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

2

construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Complaint

Plaintiff's complaint names one Defendant in the caption: "Medicare."  ECF No. 1 at 1.[1] Where Plaintiff is to list the jurisdictional basis for his claims, he writes "cover letter."  *Id.* at 4. One of the attached pages cites to the Americans with Disabilities Act ("ADA") as the basis for federal jurisdiction.  *Id.* at 8.

Plaintiff appears to complain of the denial of medical devices and services by various "insurance administrators", "Medicare reviewers", and "public benefits caseworkers".  *Id.* at 9. Plaintiff alleges he has prescriptions demonstrating medical necessity, but was denied various items such as corrective glasses, nasal irrigation, asthma inhaler, Transcranial Magnetic Stimulation (TMS) therapy, and medical cannabis.  *Id*.  Plaintiff lists six causes of action.  Each cause of action consists of a short title, such as ADA or "Equal Protection Clause," followed by one sentence.  For example, his sixth cause of action, for intentional infliction of emotional distress, is followed by: "Defendants knew or should have known that their denials would cause

---

[1]  In the "Parties" portion of the complaint, the sole named Defendant is "medical-medicare" and no address is listed.  ECF No. 1 at 2.  Plaintiff also lists "Doe".

severe mental anguish and deterioration in health." *Id.* at 10.

Plaintiff seeks injunctive relief in the form of insurance coverage "of all listed devices and treatments" and monetary damages. *Id*. at 10. Plaintiff requests $1,250,000 in punitive damages. *Id.*

C.    Analysis

Plaintiff's complaint contains a jurisdictional statement and request for relief. However, it fails to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). All of Plaintiff's asserted claims are pled in conclusory fashion. Each cause of action appears to be just one sentence. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff may not plead merely labels and conclusions, or a formulaic recitation of the elements of a cause of action.

For example, Plaintiff's third and fourth claims purport to be brought under § 1983, one for "medical neglect" and one for "equal protection." ECF No. 1 at 10. If Plaintiff is asserting a claim under § 1983, he must describe the constitutional or federal statutory right allegedly infringed. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). In order to state a claim under section 1983, a plaintiff is required to plead facts showing that (1) a defendant acting under color of state law, (2) deprived plaintiff of rights secured by the Constitution or federal statutes. *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Plaintiff has not identified any individual defendants who were acting under color of state law.

Plaintiff's first claim alleges violation of the Americans with Disabilities Act (ADA), but the entirety of the claim states in broad fashion that, "Defendants discriminated by denying

4

accommodations and essential medical tools directly tied to Plaintiff's disability." ECF No. 1 at 9-10. Plaintiff does not allege under what Title of the ADA he brings his claim. The ADA has been described as containing a "broad mandate" designed to "remedy widespread discrimination against disabled individuals". *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674-75 (2001). "To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." *Id.* at 675. Plaintiff does not reference any of these provisions, nor does he allege the factual content supporting the claim. He does not allege his disability, what accommodation was denied, when he requested it, or who denied it.

Similarly, Plaintiff's second claim under the Rehabilitation Act states only: "Plaintiff was excluded from full medical participation under a federally funded program due to disability-based prejudice." ECF No. 1 at 10. This is a conclusory allegation. A plaintiff asserting a claim under the Rehabilitation Act must allege that "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001); 29 U.S.C. § 794(a)

Plaintiff's fifth claim alleges that defendants violated Medicare standards and cites to 42 U.S.C. § 1395x(n). This is a definitional section, and specifically subsection (n) is the definition of "durable medical equipment." It is unclear from Plaintiff's allegations how this definition provision provides a cause of action in favor of Plaintiff. Merely referring to the definition of "durable medical equipment" does not allege what actions or omissions defendants took that allegedly caused injury to Plaintiff or what provision of law was violated by those actions or omissions.

The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss the case at any time" if it determines that the action fails to state a claim on which relief may be granted. The Court finds that Plaintiff fails to state a federal claim. The Court will not screen Plaintiff's remaining state law causes of action, as they assert claims under state law and the Court would decline supplemental jurisdiction if the federal claims are dismissed. The decision

of whether to exercise supplemental jurisdiction over state law claims after the federal claims have been dismissed lies within the district court's discretion. *See Foster v. Wilson*, 504 F.3d 1046, 1051-52 (9th Cir. 2007). Generally, when federal claims are dismissed well before trial, pendent state law claims should be dismissed as well. *See Campos v. Fresno Deputy Sheriff's Assoc.*, 535 F.Supp.3d 913, 930 (E.D. Cal. 2021), *citing Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

The Court has considered that Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). As Plaintiff's allegations are at times vague and conclusory, the Court cannot determine at this time that leave to amend would be futile. Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege sufficient factual content to state a claim for relief that is plausible on its face.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the defendant to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint should contain specific allegations as to the actions of each named defendant rather than making conclusory allegations, or referring to defendants collectively.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  It must plead facts demonstrating that a defendant was a state actor or acting under color of law.  Plaintiff must appropriately identify a defendant such that the defendant could be served if the Court determines Plaintiff states a claim.  Plaintiff must allege enough facts in support of his claims to state a claim to relief that is plausible on its face. !

### III.  Plaintiff's Motion to E-File

Plaintiff requests permission to e-file.  ECF No. 4.  Plaintiff contends that electronic filing would be physically easier and less expensive.  *Id* .at 2-3.  Plaintiff states he has previously been granted access to e-filing in other state and federal cases, but does not list those cases.  *Id.* at 3.

The Court's local rules provide that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge".  LR 133(b)(2).  This local rule recognizes, as do similar local rules in other Districts, the difficulties that can ensue for both pro se litigants and Court staff when pro se litigants attempt to use e-filing.  *See*, *e.g.*, *Baker v. IC Sys., Inc.*, No. CV-08-8091-PCT-DGC, 2008 WL 4186166, at 1 (D. Ariz. Sept. 9, 2008) (denying motion to e-file and stating the "Court's policy is to require pro se litigants to submit documents in paper form so that the Clerk's Office can insure that the documents are properly filed").  The Court takes notice that Plaintiff has filed at least 8 actions in this District since 2022.  And in at least one action, Plaintiff has had filings stricken and been cautioned about non-compliance with the local rules.  *See Creel v. Sacramento County Sheriff*

*Dep't et al.*, 2:24-cv-01533-KJM-SCR.  This causes the Court concern over the potential for abuse if electronic filing is permitted.  *See*, *e.g.*, *Omoregie v. Boardwalk Auto Ctr., Inc.*, No. C 07-3884 PJH, 2008 WL 4792643, at 2 (N.D. Cal. Oct. 31, 2008) ("The docket is not a bulletin board for the private use of litigants").

Plaintiff's request for electronic case filing does not present good cause for deviance from the Local Rules.  The request to participate in electronic case filing is DENIED without prejudice. If this action advances beyond screening, Plaintiff may renew the motion, and in support of the renewed motion shall include a list by name and case number of the other actions in which he has been granted e-filing permission.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's motions to proceed IFP (ECF Nos. 2 & 5) are considered together and GRANTED.

2.  Plaintiff's motion to e-file (ECF No. 4) is DENIED.

3.  Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

4.  Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: January 13, 2026.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

8