UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD MICHAEL CREEL,

Plaintiff,

v.

MEDICARE,

Defendant.

No.  2:25-cv-02100-TLN-SCR

FINDINGS AND RECOMMENDATIONS

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's First Amended Complaint ("FAC") (ECF No. 7).  The Court has screened the FAC pursuant to 28 U.S.C. § 1915(e) and recommends the action be dismissed for failure to state a claim.

**I.     Background and Procedural History**

Plaintiff filed this action on July 28, 2025, and appeared to complain of the denial of medical devices and services by various insurance administrators.  ECF No. 1 at 9.  Plaintiff named as a defendant only "Medicare."  The Court granted Plaintiff's motion to proceed in forma

1

pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 6.  The Court found the complaint failed to comply with Rule 8 and failed to state a claim.  *Id*. at 4.  The Court advised Plaintiff that his allegations were conclusory, with each cause of action being just one sentence.  *Id.*  The Order stated: "Plaintiff may not plead merely labels and conclusions, or a formulaic recitation of the elements of a cause of action."  *Id*.

The Court allowed leave to amend and told Plaintiff that if he chose to amend, he must address the issues set forth in the screening order.  *Id.* at 7.  The Order stated that Plaintiff must identify a defendant and must allege sufficient factual content to state a claim for relief that is plausible.  *Id*.  Plaintiff filed a first amended complaint (FAC), which is now before the Court for screening pursuant to 28 U.S.C. § 1915(e).

**II.     Analysis**

Plaintiff's FAC does not cure the deficiencies set forth in the prior screening order.  The FAC is in an unusual format that does not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure.  The FAC is 39-pages in length.  Pages 2 to 4 appear to be some kind of form, which is largely left blank and unnecessary.  Page 5 is then an "Introduction" and page 6 begins with "Cause of Action II," even though there was no first cause of action.  Page 9 contains a conclusion which states in part: "This case is not about novelty, politics, or preference."  Pages 10 thru 12 then contain a "Manifesto of Necessity", which states in part:

> I did not come to court for spectacle.
> I came because the body keeps score
> when policy forgets the human.
> I swallowed pills with names I no longer remember,
> white chalk promises,
> each one insisting relief would arrive later.
> Later never came.

ECF No. 7 at 11.

The FAC is signed at page 14, followed by seven pages of largely blank form documents that Plaintiff has created.  At page 22, Plaintiff includes a "Declaration of Chad Creel the Legal Ripper in Support of Voluntary Dismissal," followed again by the unnecessary and repetitive

2

form documents, with the declaration actually beginning at page 26. Plaintiff states he wants to voluntarily dismiss some claims "to streamline" the case, Plaintiff then lists five other cases where he states he has voluntarily dismissed claims and refers to the "leash protocol." *Id*. at 27-29. The FAC then concludes by including again the unnecessary blank form documents concerning proof of service, "universal discovery verification & judge instruction block," and "judicial endorsement section." ECF No. 7 at 33-39.

Plaintiff's only discernible claim, his Count II, appears to be that it violates the ADA to not provide him with medical marijuana. Plaintiff cannot base his claim on denial of access to medical marijuana. *See James v. City of Costa Mesa*, 700 F.3d 394, 397 (9th Cir. 2012) ("Congress has made clear, however, that the ADA defines 'illegal drug use' by reference to federal, rather than state, law, and federal law does not authorize the plaintiffs' medical marijuana use. We therefore necessarily conclude that the plaintiffs' medical marijuana use is not protected by the ADA."); *see also White v. Sacramento Police Dep't*, 2025 WL 51207, *1 (E.D. Cal. Jan. 8, 2025) (stating of Plaintiff's Title II ADA claim: "[T]he Ninth Circuit has foreclosed [plaintiff's] claim for being denied access to marijuana.").

The Court recommends the action be dismissed for the reasons stated herein and in the Court's prior screening order. ECF No. 6. The FAC fails to comply with Rule 8 and fails to state a claim.

**III.    Leave to Amend**

The Court has considered Plaintiff's pro se status and whether he should be granted leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). The Court has already allowed Plaintiff an opportunity to amend and finds that further leave to amend would be futile. Plaintiff has not complied with the Court's prior screening order, and the FAC is less comprehensible than the original. Plaintiff is a fairly frequent litigant in this District (with at least 9 cases filed since 2022), and the Court is aware that at least one of those cases has advanced beyond screening. It thus appears that Plaintiff is unwilling or unable to cure the pleading

deficiencies in the instant case and further leave to amend would be futile.  The Court recommends denying further leave to amend.  *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

### IV.    Conclusion

**IT IS HEREBY RECOMMENDED that**:

1. Plaintiff's First Amended Complaint and this action be dismissed without further leave to amend; and

2. The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 23, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4